## Nichols *v.* Nichols et al., Appellants.

*Parol partition—Conveyance to husband—Consideration—Resulting trust —Evidence.*

A, B and C, as residuary legatees of their father, owned certain land. B and C conveyed a portion of it to the husband of A, for an expressed consideration of $1,000. On the same day A and C conveyed, for the same expressed consideration, the rest of the land to the husband of B, and B conveyed certain other real estate to C, also for the same expressed consideration:

In ejectment after the death of A and her husband, the above deeds,

together with evidence of a previous parol partition alloting to A the land conveyed to her husband, and admissions by the husband, after the deed was made, that the land belonged to his wife, are sufficient to establish a resulting trust in favor of the wife.

In such a case the evidence necessary to establish the resulting trust must be sufficient to justify a chancellor in decreeing the husband a trustee for his wife.

*Instruments in pari materia.*

When several instruments in pari materia are executed by the same parties, at or about the same time, they are to be treated as one transaction; and, therefore, the said three deeds are to be considered together.

*Married women—Husband dealing with estate of wife.*

The law looks with such extreme jealousy upon all transactions in which a husband deals with the estate of his wife, that it will, upon very slight evidence, cast upon him the burden of showing that he has derived no advantage therefrom.

If upon the face of the transaction, as shown by the said three deeds, it was not a partition, very slight evidence was sufficient to cast upon those claiming under the husband the burden of showing that each deed was not the consideration of the other.

Argued Feb. 22, 1892.    Appeal, No. 327, Jan. T., 1891, by defendants, Asa A. Nichols et al., from judgment of C. P. Lackawanna Co., Jan. T., 1887, No. 54, on verdict for plaintiff, James Nichols.    Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Ejectment for an undivided fifth of certain real estate.

The facts sufficiently appear in the opinion of the Supreme Court and in the report of the previous appeal, Nichols v. Nichols, 133 Pa. 438.

The specification of the errors assigned, in view of the opinion, is unnecessary.

OPINION BY Mr. JUSTICE HEYDRICK, May 9, 1892:

This cause has been twice tried in the court below, and was before this court two years ago upon appeal from the first judgment, at which time the questions now raised were determined against the present appellant.    At the first trial, as in the last, it appears to have been conceded that title to three tracts or parcels of land, one thereof containing 98 acres, another containing 27½ acres, and the third containing one half of an acre, was in one William Clark who, by will admitted to probate Nov. 6, 1845, devised the same to his son, George W. Clark, and

his daughters, Esther, wife of Elias Griffin, and Sarah, wife of Hiram Nichols, as tenants in common.    The plaintiff is one of five children of Sarah and Hiram Nichols, both now deceased, and claims one undivided fifth part of the 98 acre tract by descent from his mother.    To maintain the issue upon his part he gave evidence of a parol partition between the three devisees of William Clark, whereby he alleged that the 98 acre tract was allotted to his mother, Mrs. Nichols, in severalty.    The defendants thereupon gave in evidence a deed from George W. Clark and Esther Griffin and her husband to Hiram Nichols, dated April 3, 1846, and acknowledged the same day before N. Reynolds, justice of the peace, conveying the 98 acre tract in fee simple, in consideration of $1,000 recited to have been paid by the grantee; and also the will of Hiram Nichols, whereby he devised all of his real estate to three daughters and the wife of a son, excluding the plaintiff from any share therein.    The plaintiff then offered in rebuttal a deed from Hiram Nichols and Sarah, his wife, and George W. Clark and wife to Elias Griffin for the 27½ acre tract and the half acre lot, dated April 3, 1846, and acknowledged the same day before N. Reynolds, justice of the peace, and reciting as the consideration the sum of $1,000; to be followed by evidence that the land thereby conveyed was of considerable value; that upon the same day Elias Griffin and wife conveyed to George W. Clark about 44 acres of land, by deed acknowledged the same day before the same justice of the peace who took the acknowledgments of the other two deeds, and reciting the like consideration of $1,000; that Elias Griffin, George W. Clark and Sarah Nichols stated at different times that they had divided the land in this way, and Mrs. Nichols had taken the 98 acre tract; that Mrs. Nichols during her lifetime claimed that tract, and that her husband acknowledged her title.    The purpose of the offer, as may be gathered from the report of the cause, was to show that the several deeds constituted one transaction and were made in execution of the parol partition alleged by the plaintiff, and hence that the consideration of the deed under which the plaintiff claims was the interest of Mrs. Nichols in the other lands.    The offer was repeated in detail and in various forms, and the whole and every part of it was rejected by the court below; and the several rejections were the subject of five assignments of error

in this court.   There was thus presented the question of the sufficiency of the evidence offered and rejected, together with that received, to warrant a verdict in favor of the plaintiff, and our brother GREEN, after reviewing that evidence, reached the conclusion that " The whole combined, all the deeds, and all the declarations, might well convince a jury of the correctness of the plaintiff's theory, and that the deeds were really given in execution of the partition agreed upon by the parties : " Nichols v. Nichols, 133 Pa. 438.

At the last trial the evidence came quite up to the offers rejected at the first, and the evidence of a parol partition between the devisees of William Clark was substantially repeated.   The judgment of the court below must, therefore, be affirmed, unless error can be found in the former judgment of this court.   In pronouncing that judgment it was neither said nor assumed that the deed under which the defendants claim might be brushed aside by the jury upon any other evidence than such as would justify a chancellor in declaring Dr. Nichols a trustee for his wife.   Much significance was attached to the fact that upon the same day that Dr. Nichols received the conveyance of the interests of his wife's brother and sister in the 98 acre tract, his wife and her brother conveyed their interests in the other lands to the husband of their sister, Elias Griffin, who in turn conveyed another tract to the brother, each deed reciting a consideration of \$1,000.   And why should not these circumstances have a well-nigh controlling effect?   It is well settled that when several instruments in pari materia are executed by the same parties at or about the same time they are to be treated as one transaction, and, as was said in Cummings v. Antes, 19 Pa. 287, " we cannot separate what the parties have joined and look for their understanding and intentions in one instrument ·when they have employed three to express them."   The subject of two of these conveyances was the estate held in common by the parties thereto, and that of the third was other land assumed by the parties to be equal in value to one half of the common estate.   Now, if the grantee in each of the first two conveyances had been one of the three tenants in common instead of the husband of such tenant, and a sum of money equal to one half of the value of the several properties conveyed had been paid by the two grantees to the third tenant, the court

would have had no difficulty in pronouncing the transaction a partition, and it could make no difference that the owelty was paid in land instead of money. Neither could the circumstance that the husbands were the grantees instead of the wives make much more difference in the determination of the question as to the real nature of the transactions of the third of April, 1846. The law looks with such extreme jealousy upon all transactions in which a husband deals with the estate of his wife that it will, upon very slight evidence, cast upon him the burden of showing that he has derived no advantage from such transactions, and whenever it appears that by any circuity he has obtained the legal title to any part of her estate without her free consent affirmatively shown, it will declare him a trustee : Darlington's Ap., 86 Pa. 512.   Here, in a certain sense, the husbands of two women were dealing with the common estate of their wives, and on the same day and in the same transaction in which the wives parted with portions of their interests in that estate the husbands acquired corresponding interests therein.   If upon the face of the transaction it was not a partition of the wives' estate, certainly very slight evidence was sufficient to cast upon the husbands the burden of showing that each deed was not the consideration of the other.   For this purpose the parol evidence, insufficient without the two deeds offered by the plaintiff, to establish a resulting trust under different circumstances, was quite abundant; and, with the deeds, that evidence would have justified a chancellor in decreeing Dr. Nichols a trustee for his wife in respect to two undivided third parts of the 98 acre tract.

.The judgment is affirmed.