## Mark's Estate

*J. B. Colahan,* of *Townsend, Elliott & Munson,* for exceptant.

*Murdoch K. Goodwin* and *Arthur Littleton,* of *Morgan, Lewis & Bockius,* contra.

KLEIN, J., February 9, 1940.—Frank Mark, at his death, devised premises 2814-32 North Twenty-first Street, Philadelphia, which he owned, to his four children, one of whom was Louis Mark, the decedent. On or about January 2, 1928, decedent purchased the interests of the other three children. On April 5, 1928, a deed was executed by all the children and their respective spouses conveying the property to Jafolla & Mark, Inc., a corporation in which decedent was interested. On the same day the corporation executed a deed conveying the property to Robert Williams, who on that date created a mortgage, secured on the premises, in the sum of $65,000 in favor of Catharine A. Mark, wife of decedent. On the next day Williams deeded the property back to the corporation. The three deeds and the mortgage were not recorded for over two and a half years. They were then all entered of record on the same day, December 19, 1930. The result of these transactions was that the corporation held title to the real estate, subject to a mortgage of $65,000, recorded in the name of decedent's wife.

Less than a month after the recordings Catharine A. Mark executed an assignment of the mortgage to her husband, the decedent. The assignment was kept by him with the mortgage, which was already in his possession, in his safe in the corporation's office. Decedent collected the interest on the mortgage and paid the personal property tax due thereon. The fire insurance on the real estate named him as mortgagee.

The assignment was not recorded in decedent's lifetime. After his death it was entered of record by agreement of the parties, without prejudice to the widow to claim title to the mortgage. Foreclosure proceedings were instituted and the real estate bought in by executors at the sheriff sale.

Claim was made to the proceeds of the mortgage by the widow and by the Provident Trust Company, substituted trustee under decedent's will. The learned auditor, appointed by the court to audit the executors' account, upheld the widow's claim, to which award exceptions were filed by the trustee.

If the transactions in question had taken place between individuals who were other than husband and wife, there might be considerable merit in the trustee's contentions. But since they occurred between husband and wife, the auditor was clearly correct in deciding in favor of decedent's widow.

The law looks with extreme jealousy on all transactions between husband and wife. In Loeffler's Estate, 277 Pa. 317 (1923), the Supreme Court said at page 323:

"The rule is exactly the opposite, where there has been a transfer of property by a wife to her husband, without actual consideration, from what it is, where a husband transfers property to his wife under the same condition; where a wife makes such a transfer, presumptively it is to her husband in trust for her; the trust arises from the confidential relation and the absence of a valuable consideration: Darlington's App., 86 Pa. 512; Wormley's Est., 137 Pa. 101; Nichols v. Nichols, 149 Pa. 172; Mor-

rish v. Morrish, 262 Pa. 192. Where a husband makes the transfer to his wife, presumptively it is a gift: Earnest's App., 106 Pa. 310; Waslee v. Rossman, 231 Pa. 219; Buckley v. Buckley, 277 Pa. 215."

But even if the transaction were not between a husband and wife, the creation and recording of a mortgage, in the absence of evidence that a gift was not intended, would constitute a valid gift inter vivos. In Henderson et al. v. Hughes, 320 Pa. 124 (1936), a father, who was the holder of several mortgages, executed assignments thereof in favor of his children and entered them of record without their knowledge. He retained the benefits of the mortgages in his lifetime. Upon his death, both the children and the executrix of his estate made claim to the mortgages. After discussing the principles of law applicable to gifts of mortgages at length, the Supreme Court held that, with the recording of the instruments, title and all its incidents passed to the children.

In the present case, the uncontradicted testimony of the widow's witnesses established the fact that decedent intended the creation of the mortgage to constitute a gift to her. Thus, in addition to the presumption of law in her favor, we find unchallenged evidence in support of her contention. It is, therefore, clear that on December 19, 1930, when decedent caused the mortgage, which is the subject matter of this litigation, to be entered of record, title thereto vested in his wife and she became the owner thereof.

The next question that presents itself is: Did the execution of the assignment by the wife, under the circumstances of this case, constitute a valid and complete transfer back to decedent, divesting her of title thereto? The auditor held that it did not, and we are all of opinion that his conclusion was clearly correct. If the record were completely devoid of testimony, the presumption of law would be that decedent held the mortgage in trust for his wife. There was, however, considerable testimony, all uncontradicted, that the transfer to decedent was not

intended to divest the wife of title to the mortgage. The fact that the husband collected the interest on the mortgage and paid the personal property tax thereon is not sufficient in our opinion to overcome the presumption that he held the mortgage in trust for his wife.

The exceptions are therefore dismissed and the report of the auditor is confirmed absolutely.