## Godzieba *v.* Godzieba, Appellant.

Argued May 1, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Ivan Michaelson Czap,* for appellant.

*I. Finkelstein,* for appellee.

OPINION BY MR. JUSTICE COHEN, July 1, 1958:

This appeal asks us to review a court decree ordering defendant to convey certain real estate to herself and her husband as tenants by the entireties.

In 1922, Stella, a child of Carrie and Konstanty Godzieba, born out of wedlock[1] was killed in an automobile accident. To obtain damages for Stella's wrongful death an action was instituted in the name of the mother under the Act of April 26, 1855, P. L. 309, as amended, 12 P.S. §1602, and the sum of $2,900 was recovered. Although the suit was brought in the name of Carrie Godzieba alone it is clear that this recovery belonged jointly to both father and mother as a mat-

---

[1] Stella was legitimized by the subsequent marriage of the parties in 1913.

ter of law. *Waltz v. Pennsylvania RR Co.*, 216 Pa. 165, 171, 65 Atl. 401 (1907); *Holmes v. Pennsylvania RR Co.*, 220 Pa. 189, 192-193, 69 Atl. 597 (1908).

In 1938 the remainder of the funds obtained in the wrongful death action, $1500, was used by the parties to purchase a property in Philadelphia, title to which was taken in the name of a son, Anthony Godzieba,[2] upon his oral promise to convey to his parents presumptively as tenants by the entireties. *Loesch's Estate*, 322 Pa. 105, 185 Atl. 191 (1936).

In 1945 Anthony conveyed title to his mother, Carrie Godzieba, alone. Konstanty, who had been living apart, did not learn of the transaction until 1948. When Carrie refused Konstanty's demand to convey the property to both of them as tenants by the entireties, Konstanty filed a complaint in equity in 1949 to impose a resulting trust upon the property for the benefit of himself and Carrie Godzieba, tenants by the entireties, and to compel Carrie to make an appropriate conveyance of the property. Because this action was brought in the name of Konstanty alone, the chancellor held that the failure to join Carrie as a party plaintiff was a fatal defect and so dismissed the complaint. In his opinion the chancellor went further, and by way of dictum, commented that the merits were adverse to Konstanty's contentions. We do not now pass upon the propriety of the chancellor's action; no appeal therefrom was taken. Instead, in 1952, Konstanty instituted the present action in equity in the name of Konstanty Godzieba and Carrie Godzieba tenants by the entireties, asking that his wife, Carrie Godzieba, the defendant herein, be declared to hold the property for them both

---

[2] The former family home was lost by mortgage foreclosure, and the Godziebas were facing possible proceedings on a deficiency judgment. It was apparently because of these circumstances that title to the new home was taken in the name of Anthony Godzieba.

as tenants by the entireties, that she be enjoined from disposing of or encumbrancing the premises, and that she be directed to execute and deliver a deed to herself and her husband as tenants by the entireties. The chancellor correctly concluded that the dismissal of Konstanty's prior action was not an adjudication on the merits so as to be *res judicata* of the present proceedings. *Weigley v. Coffman*, 144 Pa. 489, 498, 22 Atl. 919 (1891). Neither, we may add, are the facts found in the former suit, although they pertain to the subject matter of the present action, binding herein under the doctrine of collateral estoppel because their determination was not essential to the decree in the prior proceeding. See *Larsen v. Larsen*, 392 Pa. 609 141 A. 2d 353 (1958).

Finding himself free to determine *de novo* the merits of Konstanty's second action, the chancellor below held that the property in dispute was impressed with a resulting trust in favor of Konstanty and Carrie Godzieba, tenants by the entireties, that there was no equitable reason why the trust should not be enforced and therefore directed the defendant to execute an appropriate deed. Defendant's exceptions were dismissed by the court *en banc*, and, after the final decree was entered, this appeal was taken.

A "resulting" trust arises where a person causes property to be transferred under circumstances which raise an inference that he does not intend that the transferee shall have the beneficial interest therein. *Gray v. Leibert*, 357 Pa. 130, 53 A. 2d 132 (1947); Restatement, Trusts §404 (1935). Accordingly, under our decisions when one person pays the purchase price for the conveyance of property to another, a purchase money resulting trust arises in favor of the payer. *Purman v. Johnston*, 343 Pa. 645, 22 A. 2d 722 (1941); 4 Scott, Trusts §440 (2nd ed. 1956). So in the pres-

ent case because funds belonging to Carrie and Konstanty jointly were used by them to purchase the property conveyed to their son, Anthony, he held the property upon a resulting trust for his parents. 4 Scott, Trusts §454.5 (2nd ed. 1956). Anthony's oral promise to reconvey the premises did not remove the transaction from the category of resulting trusts and put it in the category of express trusts; the effect of his oral agreement was to negate any inference of a gift, and to confirm the inference that the persons who paid the purchase price were to have the beneficial interest in the real estate. 4 Scott, Trusts, supra, §441.2 at 3028.

Neither sections four or six of the Statute of Frauds prevent the enforcement in equity of the resulting trust arising in this case. Resulting trusts are expressly exempted from the operation of section four of the statute which requires that all trusts of land be manifested by a writing,[3] and although fourteen years have elapsed from the date of the accrual of the trust, section six of the Statute of Frauds, providing that resulting trusts cannot be enforced after five years from the date of their creation, would not bar this action because this section does not apply when the titleholder of record admits the trust or tenders substantial performance.

---

[3] "All declarations or creations of trusts or confidences of any lands, tenements or hereditaments, and all grants and assignments thereof, shall be manifested by writing, signed by the party holding the title thereof, or by his last will in writing, or else to be void: Provided, That where any conveyance shall be made of any lands or tenements by which a trust or confidence shall or may arise or result by implication or construction of law, or be transferred or extinguished by act or operation of law, then and in every such case such trust or confidence shall be of the like force and effect as if this act had not been passed." Act of April 22, 1856, P. L. 532, §4, 33 P.S. §2; *Hamberg v. Barsky*, 355 Pa. 462, 50 A. 2d 345 (1947); *Kalyvas v. Kalyvas*, 371 Pa. 371, 89 A. 2d 819 (1952). Cf. *Gast v. Engel*, 369 Pa. 137, 141-142, 85 A. 2d 403 (1952).

Act of April 22, 1856, P. L. 532 §6, 12 P.S. §83; *Leister v. Miller,* 376 Pa. 452, 103 A. 2d 656 (1954); *Gast v. Engel,* 369 Pa. 137, 141-142, 85 A. 2d 403 (1952). As the foregoing discussion demonstrates, the chancellor was undoubtedly correct in holding that an enforceable resulting trust arose in favor of Carrie and Konstanty Godzieba under the agreed-upon facts of this case.

The trust was not cut off by a subsequent transfer of the property to Carrie alone. In order to prevent her unjust enrichment, the lower court concluded that she held the property as constructive trustee for herself and her husband as tenants by the entireties, and therefore directed her to make the necessary conveyance.

Defendant nevertheless contends that Konstanty is chargeable with such estoppel, waiver and laches as would bar the enforcement of the trust.

Defendant urges first that Konstanty is estopped from claiming his interest in the recovery for the wrongful death of their daughter because of his failure to join in prosecuting that suit. However, the evidence does not indicate that he was even aware of the necessity of joining in the institution of the action for the wrongful death of his daughter. In a discussion with their attorney before the complaint was filed, Konstanty stated' that Stella was born before his marriage to the defendant. Counsel apparently was misled by this statement into believing that Konstanty was not Stella's father, and therefore brought the suit in the name of Carrie alone. Rather than constituting a repudiation of his parenthood of Stella, all that may be inferred from Konstanty's remark is that he did not comprehend the effect of his subsequent marriage to the defendant upon his legal status as father of Stella.[4]

---

[4] See note 1, supra.

Defendant sees waiver in Konstanty's failure to assert his right in the funds from the wrongful death action, but this objection must also fail because there is nothing of record to show that Carrie ever denied Konstanty's rights therein or in the proceeds thereof prior to the events which prompted the litigation in 1949.

Finally, the defendant claims laches is attributable to Konstanty for waiting until 1949 to enforce his interest in the real estate. This objection is met at the outset with the fact that it was only when in 1945 the property was transferred to his wife alone that Konstanty's rights were violated. The record discloses that he acted timely to establish his rights in the property when he learned of the conveyance.

Defendant calls our attention to the omission in the decree of any provision for reimbursement for outlays made by her on the property. This objection is well taken. Under the circumstances of this case justice requires that the decree be modified so as to include therein directions that Konstanty Godzieba pay the defendant Carrie Godzieba an amount equal to one-half the expenditures made by her or on her behalf for taxes, mortgage payments, insurance and necessary repairs, plus one-half the excess of the value added to the property by reason of the improvement thereof over the value of the use made of the property by the defendant. Compare *Gray v. Leibert*, 357 Pa. 130, 137-138, 53 A. 2d 132 (1947) and *Walker v. Walker*, 254 Pa. 220, 98 Atl. 890 (1916) with *Stanko v. Males*, 390 Pa. 281, 135 A. 2d 392 (1957). See also Restatement, Restitution §158 (1937).

The record will be remitted to the court below for modification of the decree in accordance with this opinion and for determination of the amount to which Konstanty Godzieba is required to pay the defendant thereunder.

Decree modified and affirmed. Konstanty God-
zieba and Carrie Godzieba to pay their own costs.
Mr. Justice BELL dissents.