## Berger v. Noroski

*Benjamin Jacobson,* for plaintiff.
*Robert W. McWhinney,* for defendants.

HESTER, J., March 26, 1964.—By deed of general warranty dated May 1, 1950, and recorded in this county in deed book vol. 3082, p. 548, one Charles R. Noroski, widower, conveyed certain premises to Henry Berger, plaintiff, William J. Noroski, defendant, and Charles R. Noroski, defendant. Similarly, by deed dated October 31, 1956, another conveyance was recorded by which William J. Noroski and Mary E. Noroski, his wife, and Margaret Franzetta and Charles Franzetta, her husband, conveyed a parcel of land to Henry Berger, William J. Noroski and Charles R. Noroski. Plaintiff, Henry Berger, now brings this action for partition of said real estate alleging a one-third undivided interest in both by virtue of the two deeds. Defendants' answer raises, as a defense, a resulting trust. Defendants allege all three parties held said parcels of real estate as trustees for the benefit of the Munhall Packing Company, a corporation.

Plaintiff here raises preliminary objections to the use of this defense asserting that, as an express parol trust is alleged by defendants, the statute of frauds and the statute of limitations bar any legal recognition of

the same, and further, that by defendants' declaration of warranty as grantors of each parcel, they guaranteed to give to the grantees an indefeasible title thereto and would now be estopped to deny ownership in the grantees therefore.

As is well established in Pennsylvania, the statute of frauds precludes the introduction of evidence of express parol trusts of interests in land and renders the same void and unenforceable while both implied and constructive trusts are expressly excepted from the same: Act of April 22, 1856, P. L. 532, sec. 4, 33 PS §2; Kalyvas v. Kalyvas, 371 Pa. 371 (1952), and the cases cited therein; Hamberg v. Barsky, 355 Pa. 462 (1947); Detz v. Detz, 57 Lanc. 81 (1960). The principle question for determination by the court in the within situation is whether or not the allegations of defendants' answer sufficiently raise circumstances under which a resulting trust can be declared.

As stated in defendants' answer:

"It is denied that the named grantees are the legal or equitable owners of the said premises. On the contrary, it is averred that the purchase money for said premises was provided by Munhall Packing Company, a Pennsylvania business corporation, and that the named grantees agreed and understood that they were mere record holders of the legal title of said premises for the benefit of Munhall Packing Company; that Munhall Packing Company has been in continuous and sufficient possession of the said premises since May 1, 1950 to the knowledge of the named grantees; that the named grantees are the officers and directors of said Munhall Packing Company, and that no rental has ever been paid by Munhall Packing Company, nor has any rental been demanded, or claim of ownership made, by the named grantees in respect to said premises."

While it is true that defendants allege an agreement and that actual proof of such to evidence an express

parol trust might be precluded by said statute of frauds, defendants also allege payment in full by the Munhall Packing Corporation of the consideration for said conveyances at the time of the acquisitions of each parcel. Defendants also allege that it was the understanding of the parties at the time that the premises in question were to be held by the individuals for corporate use. This is precisely the type of situation in which the implied or resulting trust is to be recognized. As has been said in the case of Watkins and Miller v. Watkins, 101 Pa. Superior Ct. 426, 428 (1931), and reiterated innumerable times by Pennsylvania courts: "A resulting trust is raised only from fraud in obtaining the title, or from payment of the purchase money when the title is acquired." See also Moyer v. Moyer, 356 Pa. 184 (1947); Potoczny v. Dydek, 192 Pa. Superior Ct. 550 (1960); Gray v. Leibert, 357 Pa. 130 (1947). Nor does the fact that an oral agreement may exist alter the findings of a resulting trust. An express trust and a resulting trust are two separate and distinct legal entities. See Gray v. Leibert, supra; McCloskey v. McCloskey, 205 Pa. 491 (1905); Hayes Appeal, 123 Pa. 110, 132, 133 (1888). In fact, in some instances it may even be necessary to allege an understanding or agreement between the parties of some type to permit the finding of a resulting trust. See Godzieba v. Godzieba, 393 Pa. 544 (1958). In so finding, the court does no violence to the statute of frauds as legislated, for it is following the traditional instances in which resulting trusts have been declared.

As to the statute of limitations, Act of April 22, 1856, P. L. 323, sec. 6, 12 PS §83, it is well established that in the case of a resulting trust, possession of the premises by the beneficiary tolls the statute from running. See Zahorsky v. Leschinsky, 394 Pa. 368, 374, 375; Wosche v. Kraning, 353 Pa. 481 (1946); Christy v. Christy, 353 Pa. 476. Likewise, the defense of laches

is unavailable against one in peaceful possession: Chambers v. Chambers, 406 Pa. 50 (1962); Wosche v. Kraning, supra. As defendants allege possession by the Munhall Packing Corporation of both of the premises from the dates of acquisition, they are not precluded from defense on this ground.

Plaintiff's assertion of equitable estoppel has no merit. If proven to be true that defendant grantor could not now present a claim inconsistent with indefeasible title because of the warranty, such a guaranty does not extend to the manner in which the grantee receives his interest. The warranty is only applicable to past events up to the time in which grantee receives his interest, not to future events which may then become clouds on the title. The grantor, in no event, would be estopped from asserting title in another as defeasible beyond his own warranty.

Lastly, plaintiff objects to defendants' use of a trust defense where the Munhall Packing Company, the alleged beneficial owner thereof, has never in fact asserted title to the same. With this objection, we cannot concur. It is to be noted that plaintiff has alleged right and title to the property in question by virtue of the two deeds. Defendants' answer specifically denies plaintiff's actual right, title and interest in said property, asserting said interest is actually in another. It is elementary that in any action for partition, plaintiff must establish among other things a positive right and title to the property in question: Hayes Appeal, 123 Pa. 110, 132 (1888); Hoffer v. Miller, 53 Pa. 156; 14 Standard Pennsylvania Practice §22, and the cases cited therein. Therefore, as defendants are raising an issue of title the defense is a proper one. Likewise, it is well established that any action for partition will be barred if any defendant or third party is in adverse possession of the premises for any period of time, however short. See Swan's Estate, 238 Pa. 430 (1913);

Carey v. Schaller, 16 Pa. Superior Ct. 350 (1901) ; Law v. Patterson, 1 W. & S. 184 (1841) ; McMasters v. Carothers, 1 Pa. 324 (1845) ; Cooley v. Houston, 229 Pa. 495 (1911) ; 171 A. L. R. 950, 953 (1947), and the cases cited therein. Defendants have asserted exclusive possession of the premises in the Munhall Packing Company from May 1, 1950, the date of acquisition of said property, and, further, they have asserted that said corporation has paid no rent for any and all of this time, and that plaintiff has never opposed this nor made any demand for the same or claimed any ownership in said premises.

We are, therefore, in view of the foregoing, of the opinion that the preliminary objections filed by the within plaintiff should be dismissed. An appropriate order will be entered.

### *Order*

And now, March 26, 1964, plaintiff's preliminary objections having come before the court en banc, following argument thereof and the study of briefs submitted by counsel; upon due consideration thereof, it is hereby ordered, adjudged and decreed that said preliminary objections be and the same are hereby dismissed.