## Binder v. Miller

*Harry J. Greenstein*, for plaintiff.
*Albert J. Bader*, for defendants.

HIRSH, J., April 12, 1973.—This matter is before this court on defendants' preliminary objections

which allege that this court does not have jurisdiction over plaintiff's complaint in equity. In her complaint, plaintiff alleges that she entrusted her assets to her daughter, Sarah Miller, after the death of plaintiff's husband in 1945. Since then, plaintiff alleges that her daughter has secretly converted the assets to her own use and to the use of her two sons, Leonard Miller and Gerald Miller. Plaintiff is an uneducated widow who inherited her husband's estate in 1945 but who lacked the knowledge to adequately manage such assets. Therefore, plaintiff turned her inheritance over to her daughter who was to hold the money for the benefit of plaintiff. Through a series of sales and title transfers, the daughter allegedly was able to transfer all of her mother's wealth into her own name and the names of her two sons. However, the daughter has since died and her two sons were named as administrators of her estate. Subsequently, plaintifff brought this action in this court against the two sons as individuals and as the personal representatives of decedent.

Because the property of a decedent could be involved, defendants claim that this court lacks jurisdiction to adjudicate disputes involving a determination of the rightful owner of property held by a decedent at the time of her death. In support of that proposition, defendants cite section 711, subparagraph 17 of the Probate, Estates and Fiduciaries Code of June 30, 1972, no. 164, 20 PS §711(7), as authority for the Orphans' Court's exclusive jurisdiction over these facts.

Defendants additionally claim that subparagraph 3 of the same act and section also grants the Orphans' Court exclusive jurisdiction over express trusts and that the relationship involved in this case is an express trust.

Plaintiff by way of an answer claims that section

711, subparagraph 3(vi), of the Probate, Estates and Fiduciaries Code governs these facts. That subparagraph denies exclusive jurisdiction to the Orphans' Court over "a resulting or constructive trust created by operation of law." Plaintiff argues that this is not an express trust but a resulting or constructive trust and that the property in dispute is not held by defendants as personal representative but as individuals.

Because the statute in question, the Probate, Estates and Fiduciaries Code, was only enacted June 30, 1972, this court is faced with a case of first impression. Neither party has brought to this court's attention any case which interprets this act. Therefore, this court bases its conclusion that it has jurisdiction to hear this matter on a close reading of the statute in question.

The Orphans' Court is a creation of the legislature and can only exercise jurisdiction according to legislative direction: Freihofer Estate, 405 Pa. 165, 174 A.2d 282 (1961). Without that legislative sanction, the Orphans' Court lacks jurisdiction, and under the provisions of the Probate, Estates and Fiduciaries Code, the Orphans' Court lacks jurisdiction over the matter before this court.

Defendants allege that this matter falls within the exclusive jurisdiction of the Orphans' Court as granted by the Pennsylvania Legislature in section 711, subparagraph 17 of that act. But that statute only grants such exclusive jurisdiction to the Orphans' Court over three situations. First, exclusive jurisdiction is granted if the case is an adjudication of the title to personal property in the possession of the personal representative. Although this case is an adjudication of the title to some personal property, it is not an adjudication of property held by the personal representatives in their official capacity. The personal repre-

sentatives by their own inventory value the estate at $394.42 and, therefore, defendants as personal representatives can only hold a de minimus part of plaintiff's property, which plaintiff now alleges to be worth $150,000.

The second possible basis for exclusive jurisdiction covers adjudications of the title to personal property which is registered in the name of decedent or her nominee. Because of the low valuation of decedent's estate, there can be little, if any, of plaintiff's personal property registered in the name of decedent or in the name of a nominee. Therefore, plaintiff's property is apparently in the possession of some other person and, accordingly, the Orphans' Court lacks exclusive jurisdiction on this basis.

The third basis for exclusive jurisdiction is an adjudication of the title of personal property alleged by the personal representative to have been in the possession of decedent at the time of her death. Defendants and plaintiff do not make allegations which would support jurisdiction on this basis. Neither party to the dispute claims that the alleged $150,000 of plaintiff's property was in the possession of decedent at the time of her death. Consequently, this court concludes that the Orphans' Court lacks exclusive jurisdiction over this case based on section 711, subparagraph 17, of the Probate, Estates and Fiduciaries Code, 20 PS §711(17).

However, to dispose of defendants' preliminary objections as to this court's jurisdiction, it is also necessary for this court to arrive at a conclusion as to the nature of the relationship between plaintiff and Sarah Miller. By their preliminary objections, defendants are claiming that plaintiff's complaint admits that she created an express trust when she turned over her property to her daughter. If defen-

dants' conclusion is correct, then under section 711, subparagraph 3, of the Probate, Estates and Fiduciaries Code, 20 PS §711(3), the Orphans' Court would have exclusive jursidiction because that subparagraph grants such jurisdiction to the Orphans' Court over such trusts. If, on the other hand, plaintiff is correct that her complaint only alleges facts sufficient for a constructive or resulting trust, then subparagraph 3(vi) of the same section and act would deny exclusive jurisdiction to the Orphans' Court. This court must agree with plaintiff that the allegations point toward the conclusion that no express trust exists as between plaintiff and Sarah Miller, that an express trust cannot, therefore, possibly exist as between plaintiff and defendants as administrators of Sarah Miller's estate, and that no express trust exists between plaintiff and defendants as individuals. Furthermore, this court concludes that the best characterization of the alleged relationship between plaintiff and the individual defendants is that of a constructive trust. This court bases these conclusions on the following reasons.

First, as to the relationship between plaintiff and Sarah Miller, this court notes that plaintiff is an uneducated woman and surely did not intend her action of entrusting her inheritance to her daughter to be something as sophisticated as an express trust. Furthermore, title to the inheritance was not intended to be in the name of the daughter as trustee but was to remain in plaintiff's name. The daughter's only duties were to collect rents, pay taxes and generally manage the property, but not to hold title to the properties. Therefore, no express trust existed between the daughter and plaintiff. Consequently, there can be no express trust between plaintiff and defendants as administrators of Sarah Miller's estate, because

the personal representatives can only assume the status which decedent had. Therefore, no express trust exists between plaintiff and defendants as administrators. Similarly, no such express trust exists between plaintiff and defendants as individuals. Neither party makes any such allegations to support such a conclusion. Therefore, the remaining issue for this court's attention is whether plaintiff's pleadings allege sufficient facts to support the conclusion that a constructive trust exists between plaintiff and defendants as individuals. If such a conclusion is appropriate, then this court would have jurisdiction under section 711, subparagraph 3(vi), of Probate, Estates and Fiduciaries Code, 20 PS §711(3(vi)) and this court should dismiss defendants' preliminary objections.

This court agrees with plaintiff that she has alleged sufficient facts to support the conclusion that a constructive trust exists between plaintiff and the individual defendants and, consequently, this court has jurisdiction. Such trusts are purely the creations of equity: Truver v. Kennedy, 425 Pa. 294, 229 A.2d 468 (1967). Equity designed such trusts to bring an end to unfairness, bad faith and fraud. In Chambers v. Chambers, 406 Pa. 50, at 55, 176 A.2d 673 (1962), the Pennsylvania Supreme Court cited with approval the following description by Justice Benjamin Cardozo of the use and purpose of a constructive trust in Beatty v. Guggenheim Exploration Co., 225 N. Y. 380, 122 N. E. 378 (1919):

" 'A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee . . . A court of

equity in decreeing a constructive trust is bound by no unyielding formula. The equity of the transaction must shape the measure of relief.' "

See also Gray v. Leibert, 357 Pa. 130, 53 A.2d 132 (1947); Truver v. Kennedy, supra. Under the circumstances before this court, the requisite unfairness is found in the alleged fact that defendants' mother surreptitiously converted plaintiff's property to her own use and to the use of her sons. Consequently, the sons would be unjustly enriched if they are allowed to take advantage of their mother's alleged actions. Therefore, this court must conclude that plaintiff's allegations present sufficient facts to support a finding that the relationship between plaintiff and the individual defendants is a constructive trust, and that this court, therefore, has jurisdiction under section 711, subparagraph 3(vi), of Probate, Estates and Fiduciaries Code, 20 PS §711, 3(vi).

Accordingly, it is, therefore, ordered that the court dismisses defendants' preliminary objections to plaintiff's complaint in equity in the above-captioned matter and orders defendants to file their answer to plaintiff's complaint within 20 days from the date hereof.