In re Richard E. CUBBLER and Sharon B. Cubbler, Debtors.

Miriam D. CUBBLER and Family Dining, Inc., Plaintiffs,

v.

Richard E. CUBBLER and Margaret Graham, Trustee, Defendants.

Bankruptcy No. 80–03280G.
Adv. No. 81–0303G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Feb. 12, 1982.

Stuart N. Cohen, Butera, Beausang, Moyer & Cohen, King of Prussia, Pa., for plaintiffs, Miriam D. Cubbler and Family Dining, Inc.

Carole L. McHugh, Thomas J. Turner, III, Philadelphia, Pa., for debtor/defendant, Richard E. Cubbler.

Margaret Graham, Philadelphia, Pa., former standing trustee.

James J. O'Connell, Philadelphia, Pa., present standing trustee.

Leonard J. Cook, Philadelphia, Pa., for B A Business Credit Corp., first mortgagee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented herein is who is entitled to a certain parcel of real property: the debtor and his estate or the debtor's ex-wife and children. We conclude that, although the debtor held the legal title to the property in question at the time he filed his petition under the Bankruptcy Code ("the Code"), that title was subject to the superior, equitable interests of his ex-wife and children and we will, therefore, direct the debtor and the debtor's trustee to convey the legal title to that property to the ex-wife as trustee for herself and her children.

The facts of the instant case are as follows:[1] In 1965, Richard E. Cubbler ("the debtor") entered into an agreement with his then-employer, one of the plaintiffs, Family Dining, Inc. ("Family Dining"), whereby the debtor purchased a piece of realty located at 148 South Midland Avenue, Lower Providence Township, Montgomery County, Pennsylvania. Under the terms of that agreement, Family Dining was to hold legal title to the property but the debtor and his family were to have possession thereof and the debtor was to make all of the mortgage payments thereon.

In 1970, preparatory to their divorce, the debtor and Miriam D. Cubbler, his then wife, entered into a property settlement agreement, which was also signed by Family Dining.[2] That agreement provided, in relevant part, that Family Dining would continue to hold legal title to the property in question but only for the benefit of Miriam Cubbler and her five children. When the youngest child reached the age of twenty, Family Dining was to convey title to the property to Miriam Cubbler. If Miriam Cubbler was not living at that time, the property was to be conveyed in equal shares to the children when the youngest reached twenty-one. The agreement further provided that neither the debtor nor Miriam Cubbler were to sell or otherwise dispose of the property without the written consent of the other until the youngest child was twenty-one. From the time of the execution of that agreement to the present, Miriam Cubbler and at least some of the children have resided at the premises in question. The youngest child is now eighteen.

Thereafter, in 1971 or 1972, the debtor, being faced with mounting bills, sought to remortgage the premises. Family Dining refused to permit the remortgaging but, at the debtor's request, Family Dining conveyed the property to the debtor. The debtor thereafter remortgaged the property, paying off the existing mortgage whose balance was $12,400.00 and obtaining a new mortgage of $27,000.00. In 1979, the debtor obtained a second mortgage of $35,000.00 on the property.[3] The present balance on the two mortgages is approximately $66,000.00. Miriam Cubbler was not aware of the transfer of title to the property or of the two mortgages placed thereon until the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. *See* Exhibit A attached to the Complaint. The debtor admitted, in his answer, that Exhibit A is a true and correct copy of the agreement entered into by him and his then wife.

3. The second mortgage is also secured by a second property owned by the debtor and his present wife, Sharon E. Cubbler, a co-debtor in the instant proceeding.

debtor and his present wife filed a joint petition for an adjustment of their debts under chapter 13 of the Code.

On March 31, 1981, Miriam Cubbler and Family Dining filed the instant complaint for reclamation of the property in question asserting that, although the debtor holds legal title to the property, he holds it only as a constructive trustee for her and the children because he obtained title to the property through fraud, accident or mistake or because he will be unjustly enriched by being permitted to retain legal title to that property.

At the hearing held herein, the debtor admitted that he was aware of the rights of Miriam Cubbler and their children in the property at the time he obtained legal title thereto and at the time he twice mortgaged the property. However, the debtor denies that he obtained legal title to that property through fraud, accident or mistake. Rather, the debtor testified that he had planned to pay off the mortgages and convey the property to Miriam Cubbler and the children pursuant to the terms of the property settlement agreement. When the debtor's business failed, however, he stated that he was unable to repay those mortgages and was forced to seek relief under chapter 13 of the Code. The debtor refuses now to convey the premises to Miriam Cubbler or a trustee for her and the children because, he asserts, that property is now part of his estate and is, therefore, subject to the claims of his creditors. We disagree.

While § 541(a)(1) of the Code provides that the debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" the estate generally does not obtain any greater interest in that property than the debtor had as of the commencement of the case. In particular, § 541(d) states:

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

Section 541(a) and (d) make it clear that the estate is comprised only of the interest in property which the debtor held and is subject to whatever interests third parties may have in that property unless those interests are otherwise avoidable by the trustee or debtor pursuant to the Code.[4] No defense has been raised by the debtor or the trustee in the instant case that the interests of Miriam Cubbler and her children in the property in question are avoidable pursuant to the Code. Therefore, it is necessary only to determine what are the respective interests in the property that the debtor and Miriam Cubbler and their children had as of the commencement of the case.

 Under Pennsylvania law, a constructive trust has been defined as follows: "A constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." 5 Scott, Trusts § 462 at 3413 (3d ed. 1967)... Although it is not stated clearly in every opinion, one necessary aspect of the defendant's holding title to property is that he must have acquired it in some way that creates the equitable duty in favor of the plaintiff.

*Pierro v. Pierro*, 438 Pa. 119, 127, 264 A.2d 692 (1970) (citations omitted.)[5] A construc-

---

4. *See, e.g.,* 11 U.S.C. § 510(c)(2), § 522(f), (g) & (h), § 544, § 545, § 547, § 548, § 549, § 553 & § 724(a).

5. *See also, Stauffer v. Stauffer,* 465 Pa. 558, 568-69, 351 A.2d 236 (1976); *Buchanan v. Brentwood F.S.&L. Assoc.,* 457 Pa. 135, 150–53,

320 A.2d 117 (1974); *Chambers v. Chambers,* 406 Pa. 50, 54–55, 176 A.2d 673 (1962); *Kohr v.*

tive trust may arise solely because the defendant will be unjustly enriched, regardless of whether the plaintiff has proven fraud, accident, mistake or undue influence.[6] Furthermore, a constructive trust is not determined by reference to the intent of the parties but rather, is imposed despite the parties' intent.[7] Generally, a constructive trust arises whenever the courts find it necessary to meet the demands of justice, morality, conscience and fair dealing.[8]

 In the instant case, we conclude that the above considerations require that a constructive trust of the property in question be imposed for the benefit of Miriam Cubbler and her children. Under the terms of the property settlement agreement, the debtor gave up all of his interest in the property. The debtor's subsequent taking of legal title in the property and remortgaging it, without the knowledge or consent of Miriam Cubbler, were in violation of that agreement and in derogation of the rights of her and her children in that property. If the actions of the debtor were not an actual fraud on Miriam Cubbler and her children, we conclude that they were enough to sustain a finding that the debtor acquired the property in such a way as to unjustly enrich himself and to create a constructive trust in favor of Miriam Cubbler and her children. We, therefore, conclude that the debtor must reconvey legal title to the property to Miriam Cubbler to be held by her in trust for herself and her children pursuant to the terms of the property settlement agreement.[9]

---

*Kohr*, 271 Pa.Super. 321, 329, 413 A.2d 687 (1979).

**6.** *See, e.g., Kohr v. Kohr*, 271 Pa.Super. 321, 328–29, 413 A.2d 687 (1979); *Reiff v. Hall*, 35 D.&C.2d 661, 664 (1964).

**7.** *See, e.g., Gary v. Leibert*, 357 Pa. 130, 135, 53 A.2d 132 (1947).

**8.** *Buchanan v. Brentwood F.S.&L. Assoc.*, 457 Pa. 135, 151, 320 A.2d 117 (1974).

**9.** Although we make no determination of the culpability of Family Dining's failure to fulfill its duty as trustee under the property settlement agreement, we conclude that it would be inappropriate to order that title be reconveyed to it as trustee for Miriam Cubbler and her children.