

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2007

# USA v. Neidig

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1618

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Neidig" (2007). *2007 Decisions.* Paper 252.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/252

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1618
_____

UNITED STATES OF AMERICA

v.

WILLIAM J. NEIDIG; CHARLES NEIDIG, JR.

Charles Neidig, Jr.,

Appellant.

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 04-cr-00271)
District Judge:  Hon. James F. McClure, Jr.
_____

Submitted under Third Circuit LAR 34.1(a)
June 5, 2007

Before:  BARRY, CHAGARES, and ROTH, Circuit Judges

(Opinion filed November 7, 2007)

_____

O P I N I O N

_____

**PER CURIAM**

Charles Neidig, Jr., appeals <u>pro</u> <u>se</u> from the District Court's order denying his motion seeking the return of property forfeited to the government. For the reasons that follow, we will vacate the order and remand for further proceedings.

**I.**

Neidig has been a federal inmate since 2002. In 2004, his son, William J. Neidig, was indicted for conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846.[1] Later that year, William pleaded guilty and agreed to forfeit a house and real property located in Northumberland County, Pennsylvania, the deed to which is in his name. The government then instituted criminal forfeiture proceedings under 21 U.S.C. § 853. Pursuant to that statute, the District Court entered a preliminary order of forfeiture directing the government to provide public notice. The government did so by publication in what it characterizes as a newspaper of general circulation in Northumberland County. Under the statute and notice, any claims to the property were to be filed with the District Court by May 13, 2005. On December 19, 2005, having received no such claims, the District Court entered a final order of forfeiture.

On January 31, 2006, Neidig filed what he captioned as a "Motion for the Return of Seized Property" claiming an interest in the property. According to Neidig, he had conveyed

2

---

[1] For the sake of clarity, we will refer to the appellant Charles Neidig as "Neidig" and to his son as "William."

the property to William in 2001 pursuant to an oral agreement under which William would (1) pay $1.00 in consideration, (2) rent out the property while Neidig was in prison and deposit the proceeds into Neidig's account, then (3) reconvey the property to Neidig upon Neidig's release from prison. Neidig further alleged that William never paid the consideration and breached the agreement by moving into the property himself instead of renting it out. Neidig supplied a notarized affidavit from William affirming the foregoing circumstances.[2] The District Court denied the motion, and Neidig appeals.[3]

## II.

Informing the following discussion are Neidig's status as a prisoner proceeding <u>pro se</u> and the "hoary maxim that 'the law abhors a forfeiture.'" <u>United States v. Lavin</u>, 942 F.2d 177, 182 (3d Cir. 1991) (citation omitted). Our first task is to ascertain the nature of Neidig's motion. Generally, a third party wishing to claim an interest in property subject to criminal forfeiture proceedings must file a timely petition under 21 U.S.C. § 853(n). An untimely petition filed after a final order of forfeiture has been entered should be treated as a motion seeking relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure, the denial of which we review for abuse of discretion. <u>See</u> <u>United States v. Rodriguez-Aguirre</u>, 414 F.3d 1177, 1182 (10th Cir. 2005); <u>United States v. Puig</u>, 419 F.3d 700, 702 (8th

3

---

[2] The government argues that William's affidavit contradicts representations in his plea agreement, but those representations are not conclusive as against Neidig in this proceeding. <u>See</u> <u>United States v. Nava</u>, 404 F.3d 1119, 1133 (9th Cir. 2005).

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291.

Cir. 2005); Estevez, 845 F.2d at 1411. The District Court declined to entertain Neidig's claim because it believed that he had not shown excusable neglect and that the claim lacks merit. We do not believe that the District Court should have made either determination on the record before it.

First, it is true that Neidig's motion did not set forth any basis for a finding of excusable neglect, as the government argued in its response. On appeal, however, he raises several arguments that might conceivably demonstrate excusable neglect, and has provided some documentary support.[4] Neidig further argues that he was preparing to reply on these issues and that the District Court acted too hastily in denying his motion before he could do so. We agree. The government filed its response on February 3, 2006. Under the local rules, Neidig was permitted to file a reply brief within ten business days thereafter, and a February 17 due-date for such a reply is reflected on the District Court docket. See M.D. Pa. R. 7.7, 7.32; M.D. Pa. Crim. No. 04-cr-00271 Docket No. 487.[5] The District Court, however, denied Neidig's motion on February 7. Accordingly, we will remand for the District Court to consider Neidig's arguments in the first instance. See United States v. Mosquera, 845 F.2d 1122, 1125-26 (1st Cir. 1988) (holding that district court should not have dismissed pro se

4

---

[4]Neidig argues, for example, that he did not receive notice of the forfeiture because his prison does not subscribe to the newspaper in which notice was published and that he diligently tried to protect his interests by attempting to file a lien against the property well before the District Court entered its final order of forfeiture.

[5]The docket incorrectly identifies the government's response as a response to William's motion, but the docketed response was to Neidig's motion.

prisoner's motion for return of forfeited property before he had a "reasonable chance" to reply to government's response where issues of adequate notice required "further development").

Second, we do not agree that Neidig's claim conclusively lacks merit on its face. The District Court concluded that Neidig voluntarily transferred the property to his son and thus "lacks standing to assert the innocent owner defense." (Feb. 7, 2006 Order at 3.) The District Court's reference to the "innocent owner defense" appears to be a reference to a defense available under the civil forfeiture statute, and the government expressly invokes that statute on appeal. See 18 U.S.C. § 983(d). This case, however, is governed by the criminal forfeiture statute. See 21 U.S.C. § 853. Under the criminal statute, Neidig can prevail if he demonstrates that, at the time of the crimes that gave rise to the forfeiture, he had a "legal right, title, or interest in the property" superior to that of his son. Id. § 853(n)(6)(A); Lavin, 942 F.2d at 185. The existence and nature of a claimant's interest is governed by state law (here, Pennsylvania) and the effect of that interest is governed by federal law. See Nava, 404 F.3d at 1127; United States v. Stazola, 893 F.2d 34, 38 (3d Cir. 1990).

Under the circumstances Neidig alleges, his voluntary conveyance to William, by itself, might not preclude him from demonstrating a "right, title or interest" under Pennsylvania law sufficient for relief under § 853(n). See, e.g., Nava, 404 F.3d at 1129-31 (applying Montana law); United States v. Ben-Hur, 20 F.3d 313, 317-19 (7th Cir. 1994) (applying Wisconsin law). On the record before us, we cannot determine whether Neidig's

5

claim has merit; we say only that his voluntary conveyance of legal title might not be dispositive.[6] If the District Court concludes that Neidig has demonstrated excusable neglect, it should address Neidig's arguments regarding William's alleged breach of agreement and William's alleged promise to reconvey the property to Neidig, as well as any other appropriate issues.

6

---

[6] The government relies on United States v. BCCI Holdings (Luxembourg), S.A., 69 F. Supp. 2d 36, 61 (D.D.C. 1999), for the proposition that a voluntary conveyance renders one an unsecured creditor without standing to contest a forfeiture. That case, however, in addition to being otherwise factually distinct, did not address the effect of a real property conveyance under Pennsylvania law or § 853(n). We express no opinion on whether any particular theory is available to Neidig under Pennsylvania law, but we note that Pennsylvania recognizes certain theories that are potentially implicated by his allegations. See, e.g., Brentwater Homes, Inc. v. Weibley, 369 A.2d 1172, 1175 (Pa. 1977); Silver v. Silver, 219 A.2d 659, 661-62 (Pa. 1966); Godzieba v. Godzieba, 143 A.2d 344, 347 (Pa. 1958). Given the technical nature of state property law, the District Court may want to consider appointing counsel for Neidig before any ruling on the merits of his claim. See Tabron v. Grace, 6 F.3d 147, 155-58 (3d Cir. 1993).