

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2008

# Charles Neidig v. Lance Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2271

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Charles Neidig v. Lance Thomas" (2008). *2008 Decisions.* Paper 340.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/340

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-6                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2271
_____

WILLIAM J. NEIDIG

v.

PETE RENDINA; LANCE THOMAS; JOHNIE, a/k/a Jonzie, Shamokin PD Unknowns

WILLIAM J. NEIDIG* and CHARLES NEIDIG, Jr.,
                                        Appellants

(Pursuant to F.R.A.P. 12(a))

*Dismissed pursuant to Fed. R. App. 3(a) and 3rd Cir. LAR 3.3 and Misc. 107.1(a)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 07-cv-00036)
District Judge:  Honorable James F. McClure
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 9, 2008

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

Opinion filed: October 21, 2008
_____

OPINION
_____

1

PER CURIAM

Charles Neidig, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania denying his motion to intervene in a civil rights action filed by his son, William Neidig. We will affirm the District Court's order, but on different grounds than those relied upon by the District Court. See Brumfield v. Sanders, 232 F.3d 376, 379 n.2 (3d Cir. 2000) (noting that an appellate court may affirm the result reached by the district court on different reasons, as long as the record supports the judgment).

William Neidig pleaded guilty to conspiracy to distribute a controlled substance. As part of the plea agreement, William Neidig agreed to forfeit certain property. The District Court entered a preliminary order of forfeiture and directed the government to provide public notice of the forfeiture. No claims were filed for the property, and the District Court entered a final order of forfeiture. Charles Neidig then filed a motion in the criminal case for the return of certain seized property. The District Court denied the motion, but we vacated the District Court's order and remanded the case for further proceedings. The District Court obtained counsel for Charles Neidig, and his motion was denied. Charles Neidig's appeal of the denial of his motion for return of the property is pending.

Shortly after we had remanded the case, William Neidig filed a civil rights complaint against Postal Inspector Pete Rendina, Pennsylvania State Police Trooper

2

Lance Thomas, Detective Robert John, and unknown defendants. He alleged that the defendants confiscated certain of his real and personal property before trial or the forfeiture proceedings, that the property was not related to his drug activity, and that he was deprived of proceeds from the real property, which could have been used for his defense. William Neidig requested a hearing and asked that the forfeiture proceedings be stayed. Charles Neidig moved to intervene in William's action.

The District Court granted defendant Thomas's motion to dismiss, concluding that the complaint failed to allege his personal involvement. The District Court later granted defendant Rendina's motion to dismiss. The District Court explained that William Neidig sought to recover property that he had agreed to forfeit as part of his plea agreement. Concluding that a judgment in William Neidig's favor would necessarily imply the invalidity of his conviction or sentence, the District Court held that the complaint must be dismissed under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). For the same reason, the District Court dismissed Neidig's claims against the remaining defendants.

The District Court also denied Charles Neidig's motion to intervene in the lawsuit and his motion for appointment of counsel. The District Court concluded that, in light of William Neidig's failure to state a claim, his action would not impair Charles Neidig's ability to protect any interest he might have in the property that was the subject of the complaint. The District Court also noted that Charles Neidig's avenue of relief was to file a claim in the criminal case, which he did with respect to one piece of property.

Charles Neidig appealed the denial of his motion to intervene and counsel motion.[1]

A litigant seeking intervention as of right under Federal Rule of Civil Procedure 24(a)(2) must establish (1) a timely application for leave to intervene; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action did not adequately represent the prospective intervenor's interest. Liberty Mut. Ins. Co. v. Treesdale, 419 F.3d 216, 220 (3d Cir. 2005).

The District Court found that Charles Neidig did not satisfy the third requirement of Rule 24 based on its determination that William's underlying action lacked merit. We decline to address the merits of the underlying action, and affirm based on Charles Neidig's failure to establish in his motion that he satisfied the requirements of Rule 24. Although we traditionally have given pro se litigants greater leeway where they have not followed the technical rules of pleading and procedure, Charles Neidig's motion simply asserts a claim to property that William asserted in the underlying action was improperly taken by government officials. He did not establish a threat that his interest will be impaired or affected by the disposition of the underlying action, or that William did not

---

[1]William Neidig's appeal of the dismissal of the civil rights action was dismissed for failure to prosecute. The fact that the civil rights action has been dismissed, however, does not render Charles Neidig's appeal of the denial of his motion to intervene in that suit moot. See DBSI/TRI IV Ltd. P'ship v. United States, 465 F.3d 1031, 1037 (9th Cir. 2006) (explaining that, if the appellant is successful, he will have standing to challenge the dismissal of action in which he sought to intervene).

4

adequately represent his interest.  Thus, we find no error in the denial of the motion to intervene.[2]

We also conclude that the District Court did not abuse its discretion in denying Charles's counsel motion.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (requiring that it appear that a claim has some merit in fact and law before counsel will be appointed).  Although Charles notes that we suggested that he be afforded counsel in the criminal proceedings, our suggestion was based on the technical nature of state property law related to the forfeiture proceedings.  See C.A. No. 06-1618, 11/7/07 Op. at 6 n.6.

Accordingly, we will affirm the District Court's order to the extent that it denied Charles Neidig's motions.

---

[2]We recognize that in the criminal proceedings Charles Neidig asserted in his motion for return of property that William had agreed to rent out certain property for him while he was incarcerated, and that William had failed to do so.  It does not necessarily follow, however, that William would not adequately represent Charles's interest in an action against the government.  Their interests would appear to be aligned.  Charles's filings in this case do not suggest that William would not adequately represent him.