## Hornak *v.* Hornak, Appellant.

Argued October 3, 1932. Before FRAZER, C. J., SIMP-SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thompson Bradshaw,* of *May & Bradshaw,* for appellant.

*Robert W. Darragh,* for appellee, was not heard.

PER CURIAM, November 28, 1932:

Plaintiff and defendant were married in 1921. Shortly before the birth of a child, they took title to property in Ambridge, Beaver County, as tenants by the entireties, by deed dated May 21, 1925, and recorded in deed

book, volume 339, page 8. Early in December, 1929, the husband received information which strongly tended to establish his wife's unfaithfulness. On December 11, 1929, he obtained her signature to a deed conveying the property in question to one Frank Hiddock, by whom it was in turn conveyed to defendant in severalty. The following day, December 12, 1929, defendant openly accused his wife of infidelity and ordered her from the house. On June 11, 1930, he obtained a divorce from her on the ground of adultery in the Court of Common Pleas of Beaver County. Plaintiff's bill alleges the deed of December 11, 1929, was obtained by fraud and seeks its cancellation.

The learned judge of the court below, after consideration of all the testimony held that defendant, Paul Hornak, although innocent of any immoral conduct, was guilty of constructive fraud in failing to disclose to his wife the nature and purpose of the conveyance here attacked. The court accordingly decreed reconveyance of the property to be held by Paul and Mary Hornak as tenants by the entireties as formerly. Defendant appealed.

The testimony of defendant himself shows that Mary, the wife, had but a limited knowledge of English and was unable to read in that language. The deed was written in English. On the day of the transaction in question, he presented the conveyance to her in the presence of a notary public, but failed to disclose either the precise property to which it related or his motive in making the transfer. On the witness stand he admitted that he "put it over on her" and that he was afraid if she knew the real nature of the deed she would refuse to sign. There can be no doubt that such conduct vitiated the deed.

Nor is the wife to be denied relief in equity because of her subsequent adultery as established in the divorce proceedings. Her immorality has no relation to the matters under consideration here. So long as the status

of man and wife persisted, the husband was bound to respect the confidential relationship existing between them, and to make full disclosure to his wife of his reasons for making the conveyance of their common property: Darlington's App., 86 Pa. 512.

We agree with the lower court that the adultery of the wife did not destroy her estate in the land. Although the innocent husband was wronged by his wife's actions, our decisions hold that an estate by the entireties is not terminated by a decree of divorce: O'Malley v. O'Malley, 272 Pa. 528; Alles v. Lyon, 216 Pa. 604. To hold that the wife's estate is destroyed by conduct which provides grounds for divorce would be inconsistent with these decisions.

The assignments of error are all dismissed and the decree of the court below is affirmed at appellant's cost.