Sellers *v.* Sellers (et al., Appellant).

Argued October 4, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Francis A. Wolf,* with him *Carl D. Smith,* for appellant.

*J. Clark Stewart,* for appellee.

Opinion by Mr. Justice Maxey, November 26, 1934:

This case is based on a bill for the reconveyance of property. The original plaintiff, since deceased, was a widow. The defendants, Sellers and Huber, were respectively her son and daughter. On November 12, 1932, and for thirty years prior thereto, she resided at 7017 Hermitage Street, Pittsburgh, where she owned in fee simple two and a half lots of ground, containing a dwelling house. This real estate was valued at about $5,000 and was encumbered by a mortgage for $1,500. The daughter, Lulu Huber, had separated from her husband and was living with her mother in this property. On October 10, 1932, Mrs. Sellers, then 78 years old, conveyed her real estate to the defendant, William H. Sellers, to be held by him for the use and benefit of the defendant, Lulu Huber, this trust arrangement being entered into because of the divorce action pending between Mrs. Huber and her husband.

The bill alleges that "the deed was made because of misrepresentations that the property would be sold for taxes and that she, Mrs. Huber, would not pay these taxes unless the property was deeded to her, which allegation of imminent sale for taxes was false," and the bill also alleges the promise that Mrs. Huber would take care of the complainant during the remaining days of her life, that there was no consideration, that the deed was procured through fraud and misrepresentation not only of facts but of parties, and that the plaintiff would not have conveyed the property to the defendant Sellers without consideration at the time of the transfer had she known the deed was being made to him. The consideration named in the deed is "$1.00 and other good and valuable considerations to her [party of the first part] now paid by the said party of the second part."

After the deed was executed Mrs. Huber paid $90 interest on the mortgage and made some repairs to the house. She also paid $244.91 in back taxes and some

smaller amounts for insurance and water bills. Plaintiff tendered no return of these sums. The relations between the mother and her children became strained on November 12, 1932. According to Mrs. Sellers, the defendant Gibson, who lived with Mrs. Huber and assumed the airs of ownership over the property, ordered, with Mrs. Huber's acquiescence, the plaintiff to quit the premises. The court below found as a fact, "because of the strained relations between the complainant and woman defendant, the open hostility between the two, and the unjustifiable act of the defendant Gibson in attempting to exercise ownership and control over the use of this property, that a peaceable and comfortable domicile cannot be accorded complainant in this dwelling house." No trouble arose between mother and daughter until a month after the execution of the deed. The daughter testified that she and her mother "got along fine" together and she did not know her mother was leaving her house until she saw her going. The mother's reasons for leaving the house are not clear. In her testimony she complained that her daughter and Gibson went out and did not come in until late at night and that the latter said to her, "I want you to understand that this is my house and that you are going to do as I say or you are going to get out." Soon afterwards she left the house. Gibson denied making this statement.

The court found as a fact upon sufficient evidence that the conveyance "was made with the knowledge and consent of the complainant who was fully advised by counsel as to the contents of the deed to Sellers and the contemplated declaration of trust covering the same from said Sellers to defendant Lulu Huber," but concluded that, "as there has been a failure of consideration, in the terms agreed upon between the complainant and the defendants, William H. Sellers and Lulu Huber, as consideration for complainant's conveyance of the real estate," the latter "must be reconveyed to com-

plainant." Shortly after exceptions to the decree were filed, Mrs. Sellers died. She had devised all of her real estate to her son, C. Earl Sellers, and he was thereupon substituted as plaintiff.

The following principle is laid down in 18 C. J., section 48, page 168: "A deed which is otherwise valid will not be invalidated by reason of a total or partial failure of consideration, and will nevertheless operate to convey title." In Maguire v. Wheeler, 300 Pa. 513, 150 A. 882, this court in an opinion by Mr. Justice SADLER declared: "It is true that a conveyance will not generally be invalidated by reason of a total or partial failure to comply with [the] agreement, as by neglect or refusal to pay the sum agreed upon,......for in such case the plaintiff has a remedy based on [the] contract to recover......Mere promises to do something made at the time of executing a contract, and not statements of existing facts which are untrue, do not in themselves constitute fraud, though they are not subsequently complied with." In Detienne v. Detienne, 291 Ill. 439, 442, this principle is expressed: "A deed of the character of the one under consideration is set aside only when such facts are shown as will warrant the presumption that the contract was entered into and the deed secured with the fraudulent intent on the part of the one securing the title not to perform the conditions of the contract...... Mere vexation and annoyance of the grantor caused by quarreling in the family at a time long after the deed was executed, is not ground for setting aside the deed." In Clark v. Hindman et al., 79 Pac. 56, the Supreme Court of Oregon held that where certain daughters agreed to pay their father one-half of the cost of erecting a house on certain land, in consideration of his agreement to convey the premises to them, the daughters' failure to perform their part of the agreement did not invalidate the father's deed of the premises to them, but merely gave him a right of action against them for the stipulated consideration.

The Supreme Court of California in Ripperdan et al. v. Weldy, 87 Pac. 276, said: "A deed made freely, voluntarily, and without fraud by one who is competent, passes title, even though the consideration may fail in whole or in part."

The decree is reversed at appellee's cost.