Pregrad, Appellant, *v.* Pregrad.

Argued March 20, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Carroll Caruthers,* with him *William F. Caruthers,* for appellant.

*Edward B. Doran,* for appellee.

OPINION BY MR. JUSTICE BELL, April 17, 1951:

Plaintiff brought a bill in equity against her divorced husband seeking (a) to have a deed of real es-

tate from defendant and herself to defendant cancelled and (b) to have the defendant declared a trustee of her (alleged) interest in said land on the ground that she was under the domination or control of her husband and received no consideration for the conveyance. The consideration recited in the deed was One Dollar ($1.00) and other good and valuable considerations.

The chancellor found that the deed was the free and clearly understood act of the plaintiff and that she received a fair settlement for all her property rights. From a decree dismissing the bill, plaintiff has taken this appeal.

We shall briefly summarize the important facts found, upon adequate evidence by the chancellor.

Plaintiff and defendant, prior to the above-mentioned deed (dated April 11, 1949), had a joint bank account amounting to $7,672.31. Plaintiff admitted she withdrew from this account $7,475.00 between June 23 and November 29, 1947, but alleged that she used $3,975.00 of said amount with her husband's knowledge and consent and that she put the balance of $3,500.00 in a joint bank account. The chancellor obviously did not believe the plaintiff for he found that plaintiff was guilty of considerable misconduct with another man and *surreptitiously withdrew large sums of money from their joint account* and took a large part of it with her on an escapade, which she refused to account for or to explain satisfactorily.

Plaintiff and defendant, after considerable quarreling, agreed on a settlement of their property rights (and the support of their children). Under the terms of this settlement, plaintiff agreed to convey her interest in the aforesaid real estate and to leave the premises, in return for $1,000.00 and a settlement and forgiveness of all withdrawals of money which she had

made. Plaintiff was, and is, possessed of business acumen above the average; she was represented by counsel during the entire proceedings, including the settlement negotiations, during which her counsel (who was also the family lawyer) prepared said deed at her instance and had it executed by her at his office, separate and apart from defendant; the settlement and the deed was as much the idea and wish of plaintiff as it was of defendant. The chancellor further found that the settlement made between plaintiff and defendant was fair and equitable; that the execution of said deed was a free and voluntary act on the part of the plaintiff, who knew the exact legal effect thereof; and that she was not at that or any other time under the domination of her husband.

Plaintiff divorced defendant on August 26, 1949, but continued to reside in his house, notwithstanding the divorce and the above-mentioned property settlement and deed.

The aforesaid findings by the chancellor conclusively determine this case, for it is well settled that findings of fact made by a chancellor who saw and heard the witnesses, especially when confirmed by the court en banc will not be disturbed on appeal, where they are supported by adequate evidence: *Roth v. Hartl,* 365 Pa. 428, 75 A. 2d 583; *Kees v. Green,* 365 Pa. 368, 75 A. 2d 602; *Christy v. Christy,* 353 Pa. 476, 46 A. 2d 169.

We deem it unnecessary to discuss the authorities cited by plaintiff—holding (1) that a deposit of money made by a husband in a bank account in the names of husband and wife creates an estate by the entireties;[1]

---

[1] *Berhalter v. Berhalter,* 315 Pa. 225, 227, 173 A. 172; *Wilbur T. Co. v. Knadler, et al.,* 322 Pa. 17, 21, 185 A. 319; *Madden v. Gosztonyi S. & T. Co.,* 331 Pa. 476, 485, 200 A. 624; *Kaufmann v. Kaufmann,* 166 Pa. Superior Ct. 6, 11, 70 A. 2d 481.

and (2) that an estate by entireties is not terminated either by adultery or divorce;[2] and (3) that a deed from a wife to a husband without consideration raises a presumption that a trust was intended for the wife,[3] —since they are clearly inapplicable to the facts in this case.

We have considered all of the plaintiff's contentions and find no merit in any of them.

Decree affirmed at cost of appellant.

---

[2] *Hornak v. Hornak*, 309 Pa. 281, 163 A. 512; *O'Malley v. O'Malley*, 272 Pa. 528, 116 A. 500; *Alles v. Lyon*, 216 Pa. 604, 66 A. 81.

[3] *Werle v. Werle*, 332 Pa. 49, 1 A. 2d 244; *Nichols v. Nichols*, 149 Pa. 172, 24 A. 194.