DeBernard *v.* DeBernard, Appellant.

Argued November 18, 1955. Before STERN, C. J., STEARNE, BELL, MUSMANNO and ARNOLD, JJ.

*Isadore Winderman,* with him *Herman M. Modell,* for appellant.

*C. Clark Hodgson,* with him *Stradley, Ronon, Stevens & Young,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, February 6, 1956:

Plaintiff and defendant were married on March 16, 1949, at which time plaintiff was the owner of the real estate involved in these proceedings, which had been purchased by her on November 21, 1947. Thereafter, on January 17, 1950, plaintiff conveyed the property to herself and defendant as tenants by entireties. On June 6, 1952, plaintiff obtained a final divorce from defendant; and on February 7, 1953, she filed this action in equity seeking a reconveyance of the property to her, alleging that the conveyance to her and defendant was obtained by fraud practiced upon her by him. The chancellor found for plaintiff, and defendant appeals from the final decree of the court en banc sustaining the chancellor.

The chancellor's findings, supported by competent evidence and confirmed by the court en banc, have the weight of a jury's verdict and will not be disturbed on appeal: *Maxwell v. Schaefer,* 381 Pa. 13, 19, 112 A. 2d 69. There was sufficient competent evidence in this case to support the conclusion that in June, several months after their marriage, they began to reside in the premises, and that defendant, beginning August 1, 1949, began to press for conveyance to him and plain-

tiff, each time promising to pay the mortgage debt thereon, to make specified renovations, and to pay for repairs thereto; that he also falsely represented to her that he was to receive money from the estate of his grandmother, although he knew she had been deceased for some thirty years and there was no estate; that in reliance thereon plaintiff made the conveyance; and that although gainfully employed, defendant made no payments upon the mortgage debt or for repairs, all of which were made by plaintiff from her own earnings and savings. In fact, when requested by plaintiff shortly after the conveyance to pay the mortgage, defendant refused, declaring that his "name was on the house . . . *I have gotten you where I want you,*" and that he was going to pay no bills.

Defendant contends that the Act of May 17, 1949, P. L. 1394, 68 PS §501, raises a "conclusive presumption" that each divorced spouse owns a one-half undivided interest in the premises. This Act provides: "Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, *they shall thereafter hold such property as tenants in common of equal one-half shares in value* . . . and either of them may bring suit in the court of common pleas, sitting in equity, . . . to have the property sold and the proceeds divided between them . . ." (Italics supplied). It is true, as defendant asserts, that it is immaterial who pays the consideration in creating an estate by entireties (*Hunt v. Mestrezat,* 361 Pa. 415, 418, 65 A. 2d 389), and the rights of a spouse are not weakened by the fact that he or she made little or no contribution thereto. But where a husband obtains his wife's property without adequate consideration, the law creates a rebuttable presumption that a trust is created in her favor, and if the husband claims a benefit arising from the transaction he must show affirmatively that

he acted in good faith and that he took no undue advantage of his wife: *Darlington's Appeal*, 86 Pa. 512, 520; *Peardon v. Peardon*, 365 Pa. 13, 16, 17, 73 A. 2d 661. The proof in the instant case clearly establishes that defendant took undue advantage of his wife. He not only refused to share in the payments to be made upon the premises unless she would convey to him and her, but of a certainty, despite his assertions to her, he never intended to do so when he obtained the conveyance. Further, he misrepresented the availability of money for that purpose. It was solely in reliance upon the truth of all of this that plaintiff made the conveyance. He will not be permitted to take the fruits of his own wrong. Cf. *Hornak v. Hornak*, 309 Pa. 281, 163 A. 512. This was not merely a breach of an oral promise or agreement, as claimed by defendant, but a deliberate fraud practiced upon her to obtain her separate property. It is a fair inference from the facts and circumstances surrounding the conveyance and his subsequent conduct that he never intended to do what he stated he would. This was fraud: *Sellers v. Sellers*, 316 Pa. 404, 407, 175 A. 401. See also Restatement, Contracts, §473.

Nor will he be permitted to hide behind the provisions of the Act of 1949, supra, and thus overcome the effect of his wrongful act. In applying the Act, there must first be a legally created and effective tenancy by entireties. As we have stated, there was none such here. There was no tenancy by entireties actually existing, for his fraud vitiated it. The situation as far as defendant is concerned is akin to that in *Hornak v. Hornak*, supra, and his fraud is sufficiently established to form a basis for the decree requiring reconveyance to his wife. See also *Loeffler's Estate*, 277 Pa. 317, 121 A. 186. The Act cannot be taken to establish for all purposes the rights of the parties at the time of the

contract, but affects their status only after a legal estate has been created.

Decree affirmed; appellant to pay the costs.