## Quinn v. Richardson Construction Corporation

*John B. Lynch,* for plaintiff.
*Edward J. Carney, Jr.,* for defendant.

BRIAN, J., April 9, 1973.—This is a suit in equity. Defendants have filed preliminary objections demurring to the complaint.

The factual allegations, which for purposes of a demurrer are deemed to be true, are that plaintiff sub-contractor performed certain work from time to time for corporate defendant for which he was not paid in full; that his repeated requests for payment were met by repeated promises by individual defendant, who is an officer and major shareholder in the corporation, that payment would be forthcoming; that plaintiff threatened to proceed against the materialman's bond of the corporate defendant's surety but that he was dissuaded from doing so by the promises of pay-

ment until the bond expired; and that the corporation is now in bankruptcy.

Plaintiff makes the rather ingenious plea that he is entitled to an equitable lien on the individual defendant's assets which were pledged as collateral on the bond because, he contends, that if he had not been put off by individual defendant and had sued the surety, it would have paid plaintiff and obtained reimbursement from its principal, the individual defendant, out of the collateral. Plaintiff alleges fraud in the inducement by means of which the individual defendant was able to protect his assets from attack.

The rock upon which this claim may have shattered is the fact that plaintiff, prior to this suit, brought an action in assumpsit against the individual defendant averring his promise to pay the corporate debt. Success in that suit can recover no more nor less than the equity suit at bar, and would be realized out of the self-same assets which plaintiff says were put out of reach. It is a curious omission that plaintiff's complaint in equity fails to aver that there is no adequate remedy at law, an oversight that is readily amendable but is suggestive that plaintiff himself is quite aware that he has an adequate remedy at law, and, in fact, has exercised it by bringing the assumpsit action already filed.

What it is, we think, at the heart of this maneuver is an effort to put plaintiff in the position of a preferred creditor of the individual defendant. The undertones of defendant's possible financial distress faintly reach our ears.

Plaintiff now asks us to put him in the position he might have been in if he had timely sued the surety and won. This we cannot do. Plaintiff points to no material misrepresentation of a fact on which plaintiff

relied to his detriment. He says only that he innocently put his faith in defendant's promises. We do not deem this to be such a "fraud" under the law of Pennsylvania as would justify an equitable remedy in these circumstances. See Grove v. Hodges, 55 Pa. 504, 519 (1867); Sellers v. Sellers, 316 Pa. 404, 407, 175 Atl. 401 (1934). Cf. Restatement of the Law, Restitution §8.

Plaintiff's major contention, however, is that a failure to impress a lien would allow individual defendant the benefit of an "unjust enrichment." This argument proceeds from the equitable principle of restitution and is incorporated in section 161 of the Restatement of the Law, Restitution, which states:

"Where property of one person can by a proceeding in equity be reached by another as security for a claim on the ground that otherwise the former would be unjustly enriched, an equitable lien arises."

This statement of the law was approved by the Supreme Court in Gladowski v. Felczak, 346 Pa. 660, 31 A. 2d 718, 151 A.L.R. 418 (1943).

It is difficult to state with any precision when and under what circumstances this principle becomes operative. Justice Holmes observed in Sexton v. Kessler, 255 U.S. 90, 98-99:

"[T]he phrase 'equitable lien' may not . . . do much more than express the opinion of the court that the facts give a priority to the party said to have it."

In a recent case before the Third Circuit Court of Appeals, it was said that:

"[T]he determination of the existence of an equitable lien depends highly upon a meticulous analysis of the facts and commercial realities of a transaction as a whole . . .": Arkwright Mutual Insurance Com-

pany v. Bargain City, U.S.A., Inc., 373 F.2d 701, 705 (1967), cert. den. 88 S.Ct. 63, 389 U.S. 825, 19 L.Ed. 2d 79.

There is no reported case in Pennsylvania that is on all fours with the case at bar. In most instances, the court impressed a lien where the money or value transferred by plaintiff had been utilized to improve, or discharge a claim against, someone else's real estate. See Equitable Liens as a Remedy in Restitution in Pennsylvania, 56 Dickinson L. Rev. 235.

In any event, we conclude upon an "analysis of the facts and commercial realities of [this] transaction," Arkwright Mutual Insurance Company v. Bargain City, U.S.A., Inc., supra, that plaintiff presents no claim that equitably should be given preference over the claims of the individual defendant's other creditors. There is no reason, moreover, at this stage of the proceedings, to believe that if defendant was indeed unjustly enriched, he could not be made to disgorge if plaintiff wins the verdict in his assumpsit action.

Since this complaint states a good cause of action in assumpsit, we will certify it to the law side of the court for further proceedings appropriate therein.

## ORDER

And now, April 9, 1973, it is hereby ordered that:

1. Defendants' first preliminary objection is sustained and this action and all further proceedings relating thereto are transferred to the law side of the court.

2. Defendants' second preliminary objection is denied as improvident, and defendants are given leave to file an answer or other pleading within 20 days of the date hereof.