## Wassell v. Wassell

*Gerald J. Spitz,* for plaintiff.
*Samuel M. Tollen,* for defendant.

JEROME, *J.,* July 13, 1979—Plaintiff commenced this action seeking partition of certain real estate located in the Borough of Brookhaven, Delaware County, Pa. She also sought the appointment of a master and a sale of the realty and division of the proceeds.

An answer was filed whereupon plaintiff moved for judgment on the pleadings requesting the court to enter an order directing partition.

From the complaint and answer the following facts are admitted:

1. The parties were married on April 18, 1953.

2. The premises in question were purchased as tenants by the entireties on August 11, 1955.

3. The parties were divorced on June 15, 1976.

4. Defendant has continued to reside at the Brookhaven premises since the time of the divorce.

5. Plaintiff presently resides in the Borough of Parkside, Delaware County, Pa.

6. Plaintiff had requested partition of the real estate prior to the commencement of this action. However, defendant refused to agree to such partition.

The Act of May 10, 1927, P.L. 884, as amended, 68 P.S. §501, provides that whenever any husband and wife owning property as tenants by the entireties shall become divorced they shall thereafter hold such property as tenants in common. But the section goes on to state that either may bring suit in the court of common pleas to have the property sold and the proceeds divided between them.

As indicated, defendant admits the above facts but contends that he resides at the premises with the party's three children, ages 22, 18 and 12. He further contends that it is his legal and moral obligation to maintain a home for these three sons and it is also the legal and moral obligation of plaintiff.

Finally defendant contends that the responsibility of plaintiff is a legal one "in that the home where the three sons live should be maintained as such and not be subject to the partition proceeding so long as the premises are the home for any one of their sons."

Defendant cites numerous authorities concern-

ing the obligation for support of dependent children which is imposed on the parents. With these citations we are in accord. However, an appropriate remedy is available to defendant to seek such support if he believes he is entitled to it. It is no defense to a partition action that a wife has a legal obligation to support the children who reside in the home. Were there an allegation of fraud or misrepresentation, we might hold otherwise. See DeBernard v. DeBernard, 384 Pa. 194, 120 A. 2d 176 (1956).

The court has found no authority supporting defendant's position, and defendant candidly admits that he has found none. As a matter of fact, one of the cases cited by defendant really supports the grant of partition. In that matter plaintiff wife brought a partition action against her former husband, a 52 year old doctor who operated his practice from the real estate in question. Apparently there were few properties in the area for rent or purchase which were suitable for a doctor's office. The entire consideration for the premises had been paid by defendant who argued hardship in attempting to defeat the partition action. The evidence indicated that there was no denial of access to the premises. The court however refused to go along with the hardship argument and ordered partition. See Sterner v. Sterner, 6 D. & C. 2d 489 (1955).

The remedy which exists in this case is a statutory one. Plaintiff, having brought herself within the terms of the statute, is entitled to a decree of partition, and it was for the foregoing reasons that we entered our order of June 5, 1979.