**Fox v. Fox**

*Miles K. Karson,* for plaintiff.
*Thomas T. Frampton,* for defendant.

FORNELLI, *J.*, March 23, 1982 — This matter came before this court on January 8, 1982 for hearing on a petition for determination of equitable distribution of marital property under section 401(d) of the Pennsylvania Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §401(d). The parties have stipulated that the only property subject to the petition is real estate situate at 15 Saul Street, Hempfield Township, Mercer County, Pa. The parties have further stipulated: that they were married on August 23, 1967; that the subject real estate was acquired by the parties on December 3, 1977; that an action in divorce was commenced between the parties on May 20, 1981; and that a decree in divorce dissolving their marriage was entered on December 4, 1981.

This court has been requested by the parties to initially determine whether the real estate is "marital property" within the meaning of the Pennsylvania Divorce Code. The issue turns on a determination of whether the presumption of section 401(f)[1], 23 P.S. §401(f), has been overcome by proof of an agreement to exclude under 401(e)(2), 23 P.S. §401(e)(2).[2]

---

1. "(f). All property, whether real or personal, acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership, such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (e)." Act of April 2, 1980, P.L. 63, §401(f), 23 P.S. §401(f).

2. "(e). For purposes of this Chapter only, 'marital property' means all property acquired by either party during the marriage except: . . . (2) Property excluded by valid agreement of the parties entered into before, during or after the marriage." Act of April 2, 1980, P.L. 63, §401(e)(2), 23 P.S. §401(e)(2).

## FINDINGS OF FACT

(1)  Defendant is an owner-operator truck driver, an occupation which he began after the marriage of the parties. In October of 1980, he was driving a truck which had been purchased during the marriage, as had his only previously-owned truck. Plaintiff is employed at Packard Electric Corporation.

(2)  The real estate in question containing the dwelling of the parties was conveyed by defendant Kenneth S. Fox to his then wife, Helen R. Fox by general warranty deed dated October 8, 1980 and recorded at 80 D.R. 2940. This real estate is presently for sale for an asking price of $42,000.

(3)  On October 7, 1980, the parties went to an attorney to have the deed prepared, closed their existing joint bank accounts, and each opened their own separate checking accounts with the understanding that each was to pay their own bills out of their individual accounts.

(4)  On October 7, 1980 at the attorney's office, defendant did virtually all of the talking. He requested that the real estate be put in his wife's name solely; and that he was concerned about losing the house if he was injured or killed in an accident.

(5)  The attorney explained Pennsylvania law and advised that there was no advantage to what defendant proposed and in fact, there were possible future adverse tax consequences and expenses if the wife died first. The attorney further stated that there was no real reason to place the property in the wife's name unless there were marital difficulties. Defendant stated that they were having marital difficulties and that was the real reason the property was to be transferred.

(6) The attorney explained to defendant that if he signed the deed he would lose all right and claim to the real estate if there was a divorce and would have no further interest in the real estate. Defendant responded that was fine as long as he received the truck and that it was their wishes that the house be his wife's property and the truck be his. Defendant also stated that the truck was essentially the same value as the house.

(7) The attorney, when the parties left the attorney's office on October 7, 1980, dictated a memorandum to his file setting forth the questions asked by defendant, the advice the attorney had given and defendant's responses.

(8) At the time the deed was executed, the parties had no definite intent to separate or divorce. However, they had been discussing their marital difficulties and what should be done with the house and truck if those difficulties led to divorce.

(9) At the time the deed was prepared, the parties agreed what their respective responsibilities were from that time forward as to the payment of bills for the house and the truck, viz that she was to pay the bills for the house and he was to pay the bills for the truck.

(10) At no time in the attorney's office was there any mention that if the real estate was sold the proceeds were to be divided or applied in any particular way.

(11) After the real estate was deeded to plaintiff, she paid and has continued to pay to date all expenses, upkeep, utilities, taxes, insurance and mortgage payments on the real estate.

(12) The parties continued to live together after the deed was executed until their separation in May of 1981.

(13) The parties had been experiencing marital

problems since at least the summer of 1980 and in October of 1980, discussed their marital difficulties on several occasions, during which time the husband stated if there was ever a divorce, the wife could have the house and he would take the truck and the dog.

(14) In October of 1980, the parties owed $23,000 to $24,000 on the mortgage on the real estate; approximately $3,000 to First Seneca Bank for a loan on the first truck; $8,000 to defendant's mother for the purchase of the first truck; an amount to Packard Electric Credit Union on an original loan of $4,000; and an unstated balance on the second truck owed to International. However, in January, 1982, $23,834 was still owing on the second truck which was originally purchased for $48,000 in 1979.

(15) The $3,000 owed to First Seneca was the result of a 1978 joint loan of the parties for the first truck purchased by defendant. That loan was and is a lien against the subject real estate.

(16) Defendant, after October, 1980, did not make any payments to First Seneca on the loan. After notices of default and threatened execution, plaintiff has, since January of 1981, been paying at least the interest on the loan to protect the real estate.

## DISCUSSION

Plaintiff's contention is that the real estate is not marital property and is excepted under section 401(e)(2), 23 P.S. §401(e)(2) because it was excluded by valid agreement of the parties entered into during the marriage.

There can, of course, be an agreement to exclude items from marital property upon divorce even though no set purpose to divorce has been formed.

Section 401(e)(2), 23 P.S. §401(e)(2) recognizes such agreements as being entered before, during or after the marriage.

Absent the agreement between the parties hereto, the real estate and the truck would be viewed as marital property under the presumption of section 401(f), 23 P.S. §401(f), both having been acquired during the marriage.[3]

Section 401(f), 23 P.S. §401(f), further provides that the marital presumption may be overcome only "by a showing" that the property comes within one of the seven exceptions listed in subsection (e).

The legislature has created, by section 401(f), a rebuttal presumption of marital property and not merely a permissible inference;[4] and the burden of overcoming that presumption is on the party who is asserting an exception under section 401(e), 23 P.S. §401(e): Paul W. v. Margaret W. et al, 130 Pitts.L.J. 6, 9 (1981); Watkins v. Prudential Insurance Company, 315 Pa. 497, 173 Atl. 644 (1934); McDonald v. Pennsylvania Railroad Company, 348 Pa. 558, 36 A. 2d 492 (1944). See also, Perlberger, Pa. Divorce Code, §5.3.1(a).

Thus, in the case at bar, the statutory presumption shifts the burden to the ex-wife to "show" that the real estate transferred into her name during the

---

3. It might also be argued that the real estate is excluded from the marital property by reason of section 401(e)(5), which excludes from marital property: "Property which a party has sold, granted, conveyed or otherwise disposed of in good faith and for value prior to the time proceedings for the divorce were commenced."

Since this court finds that there exists a valid agreement which excludes the real estate from marital property under section 401(e)(2), it is unnecessary to determine the applicability of section 401(e)(5).

4. As to the difference, see, Com. v. Shaffer, 447 Pa. 91 at 105-106, 288 A. 2d 727 (1972).

marriage is excluded from marital property by a "valid agreement of the parties entered into . . . during . . . the marriage." If she fails to meet that burden, the statutory presumption is not rebutted and the property must be held to be marital: 9 Wigmore, Evidence §2487 (Chadbourn rev. 1981).

What is the quantum and nature of the proof contemplated by the section 401(f), 23 P.S. §401(f), requirement of "a showing" that the property was acquired by a method listed in subsection (e)? It is the opinion of this court that it requires proof of the exception by clear and convincing evidence and not merely proof by a preponderance of the evidence.

This case presents, as far as we have been able to ascertain, a question of first impression in Pennsylvania as to the nature of the proof required by section 401(f) to overcome the statutory presumption of marital property.

While no Pennsylvania cases have been found on this issue, sections 401(f) and 401(e) are almost identical with the wording in the Illinois Marriage and Dissolution of Marriage Act, Ill. Rev. Stat. 1979, ch. 40, par. 503(a) and (b).

The Illinois Appellate Court construed that wording in In Re Marriage of Severns, 93 Ill.App. 3d 122, 416 N.E. 2d 1235 (1981). In deciding whether under the Illinois Act one spouse can during a marriage, make a valid gift of marital property to the other spouse so as to exclude it from marital distribution upon a later divorce,[5] the Severns court held

---

5. Unlike the Illinois statutory exception dealing with gifts, there is no question that the Pennsylvania Divorce Code permits inter-spousal agreements which define what is to be excluded from marital property upon divorce. Section 401(e)(2), 23 P.S. 401(e)(2), of the Code establishes as an exception to marital property any "property excluded by valid agreement of the parties entered into . . . during . . . the marriage."

that the burden of overcoming the presumption of marital property "by a showing" of a gift exception is upon the claimant of the gift by clear, convincing, and unmistakable evidence. Ibid. at page 1238.[6]

Requiring clear and convincing evidence to overcome the presumption of marital property is consistent with the statutory scheme of the Pennsylvania Divorce Code. The legislature's intention by the code is to effect economic justice between the parties and insure fair and just determination and settlement of their property: section 102(a)(6), 23 P.S. §102(a)(6).

This is to be achieved through the equitable distribution scheme of section 401(d), 23 P.S. §401(d). The statutory presumption that property acquired during the marriage is marital and therefore subject to the equitable distribution schemes of the code reflects that legislative intent, and it should not be defeated by less than clear and convincing evidence of an exception thereto.

This greater burden of proof also recognizes the realities of the marriage relationship and helps insure that the confidence and trust ordinarily arising from that marital relationship has not been abused. The burden of proving one of the seven exceptions to marital property should require a clear showing of the nature and circumstances of the transaction. See Brooks v. Conston, 356 Pa. 69,

---

6. Examples of other jurisdictions similarly defining the statutory "showing" required to overcome a statutory presumption of marital property are: Kentucky by clear and convincing proof, Adams v. Adams, 565 S.W. 2d 169 (1978); Missouri by clear and convincing evidence, Nilges v. Nilges, 610 S.W. 2d 58 (1980); and Texas by clear and satisfactory evidence, Gaston v. Gaston, 608 S.W. 2d 332 (1980).

51 A. 2d 684, 688 (1947); and Dzierski Estate, 449 Pa. 285; 296 A. 2d 716, 718 (1972).

It is proper to require clear and convincing proof where there is thought to be a special danger of deception or where a particular type of claim is disfavored on policy grounds.[7] McCormick, Evidence 2d (2d Edit.), §340.

A burden of proof by clear and convincing evidence is also appropriate because title to property may be placed or transferred into the name of only one spouse for a number of reasons unrelated to an intent or desire to exclude from marital property. Property may be titled only in one spouse's name because of tax considerations, for reasons of estate planning or for business reasons, and still not be intended to be excluded from marital property should a divorce occur.

Thus, for plaintiff to rebut the presumption of marital property in the case at bar she must establish by clear and convincing evidence that the real estate was excluded by valid agreement of the par-

---

7. Clear and convincing proof is required: to establish a claim for wages for personal services to a decedent: Mooney's Estate, 328 Pa. 273, 194 Atl. 893 (1937); to establish fraud, Gilberti v. Coraopolis Trust Company, 342 Pa. 161, 19 A. 2d 408 (1941); to establish reformation of a contract on grounds of a mistake, Boyertown National Bank v. Hartman, 147 Pa. 558, 23 Atl. 842 (1892); to establish a resulting trust, Hale v. Sterling, 369 Pa. 336, 85 A. 2d 849 (1952); to establish adverse possession, Stevenson v. Stein, 412 Pa. 478, 195 A. 2d 268 (1963); to overcome the presumption of gift, Butler v. Butler, 464 Pa. 522; 347 A. 2d 477 (1975), and Dzierski Estate, supra; to set aside a transaction on the basis of incompetency, Elliott v. Clawson, 416 Pa. 34, 204 A. 2d 272 (1964); and to establish that an inter vivos gift to an attorney from a client was not based on fraud or undue influence, 7 Am.Jur. 2d, Attorney at Law, §123.

ties entered into during the marriage. Based on the findings of fact above, we hold that plaintiff has sustained that burden.

The parties during a time of marital difficulties struck an agreement as to what was to be done with their house and their truck in the event of a divorce. At the same time, they separated their bank accounts and established their respective responsibilities for bills and expenses: the wife to be responsible from that date for all the bills, expenses and payments for the house; and the husband to be responsible for all the bills, expenses and payments for the truck.

It is uncontested that defendant was clearly and unequivocally advised by an attorney before signing the deed that to do so would extinguish all his interests in the real estate upon divorce. Nevertheless, defendant urges he did not intend to extinguish all of his interests by signing the deed. He claims there was a private agreement with his wife that upon a divorce and sale of the house, the proceeds were to be applied to pay "his bills" with her retaining any remaining proceeds.

The parties agree essentially on what occurred in the attorney's office. But this "private agreement" was not mentioned at the conference with the attorney, even though the circumstances and consequences of the deed were discussed in detail.

If defendant really did not intend the property to be solely his wife's, he executed an unconditional deed disregarding the warning of the attorney as to its consequences, and now wishes to avoid those consequences by saying it is not what it appears to be.

Once the deed was signed, the wife assumed financial responsibililty for the house. If the agreement were as defendant claims, the wife obtained

little, if anything, in return for assuming the house payments and expenses, and for giving up any interest in the truck.

Defendant's bills, to which it could be claimed that proceeds from a house sale were to be applied under the "private agreement" totaled approximately $46,000. While the value of the house in October of 1980 is not in evidence, it was for sale in January, 1982, for $42,000.

Assuming that value in October of 1980, once the mortgage of approximately $23,000 was paid from the sale proceeds, there would be insufficient monies left to pay even a substantial portion of the husband's bills and nothing would remain for the wife.

It was for this defendant claims plaintiff gave up her interest in the truck and assumed the mortgage, insurance, taxes, utilities and other liabilities for the home. This is not persuasive.

Since the deeding of the property, plaintiff has treated the home as her own and paid not only all of the house expenses, but also made interest payments on defendant's defaulted truck loan to protect the property.[8]

Neither party has complied with Pa.R.C.P. 1920.33, which requires within 60 days after a petition for determination and distribution of property under §401, 23 P.S. §401, of the code each party shall file an inventory and appraisement of the property. That failure, however, does not prevent this court from determining the present issue.

---

8. An analysis of defendant's claimed "private agreement" shows that even under his version, the real estate is to be excluded from marital property treatment. It is only its proceeds on sale after divorce that he claims, and then not for the court to equitably distribute and divide, but rather for application to his bills, with the remainder, if any, to go to the wife.

Plaintiff having carried her burden of proof by clear and convincing evidence, the presumption of marital property as to the real estate and the truck is rebutted.

This court finds that there was a valid agreement between the parties to exclude the real estate and the truck from consideration as marital property upon divorce. Therefore, the real estate and truck are not marital property within the meaning of the Divorce Code and are not subject to equitable division and distribution thereunder.

Hence, this order.

## ORDER

And now, March 23, 1982, defendant's request for equitable distribution of the real estate known as 15 Saul Street, Hempfield Township, Mercer County, Pa., is denied.