## Koch v. Koch

*Michael J. Malloy,* for plaintiff.
*John E. Lister,* for defendant.

BROWN, *J.*, November 19, 1982 — This is an action in equity brought by a wife against her husband, from whom she is separated, seeking to set aside a deed which conveyed wife's premises to husband and wife, as tenants by the entireties.

## FINDINGS OF FACT

1. Plaintiff and her first husband purchased a house at 243 Iona Avenue, Narberth, Pa. on June 23, 1961 for $12,750 subject to a mortgage of $9,500.

2. On September 1, 1962, her husband died and plaintiff became sole owner.

3. Plaintiff married defendant on September 9, 1967, and they resided there together until July, 1980.

4. Soon after the wedding plaintiff considered a conveyance to both but no deed was prepared because they wished to avoid the expense of the transfer.

5. In March 1979, shortly before plaintiff left on a ten day trip to California, defendant urged her to make such a conveyance. She resisted, wishing to wait until her return but did give in the night before her departure. He gave her $1,000 for the trip.

6. Throughout the marriage, plaintiff and defendant argued and were often abusive to each other, sometimes to the point of physical violence. However, the conveyance in question was not the result of threats or violence by defendant.

7. The disputes continued and on July 11, 1980, defendant left. Shortly afterward, he filed an action in divorce in Delaware County which is pending.

8. Plaintiff was given defendant's paychecks to deposit in a joint marital account, from which she paid bills including the mortgage until 1975. Social Security checks received during her daughter's minority were also placed in that account.

9. Plaintiff made mortgage payments from a joint checking account with her daughter from July 1975 to November, 1976.

10. Defendant made mortgage payments from the joint marital checking account from May 1977 to March 1979. Defendant made the final payment on the mortgage of $2,897.73 from the joint marital savings account on April 18, 1979.

11. Throughout their marriage, both plaintiff and defendant contributed funds and labor to the maintenance and repair of the house.

## DISCUSSION

Generally, when either spouse conveys solely-owned property to the entireties a gift is presumed. Butler v. Butler, 464 Pa. 522, 527, 347 A.2d 477, 408 (1975); In Re Estate of Klein, 474 Pa. 416, 429-30, 378 A.2d 1182, 1189 (1977). Plaintiff contends, however, that her conveyance was induced by fraudulent conduct of the defendant and, therefore, should be voided. DeBernard v. DeBernard, 384 Pa. 194, 120 A.2d 176 (1956). She claims defendant induced her to convey the property by fraudulently promising to continue the marriage and contribute financially to the house upkeep. A promise falsely made to induce a conveyance can be inferred from the totality of the circumstances, including subsequent conduct on the part of a defendant. Stauffer v. Stauffer, 465 Pa. 558, 574, 351 A.2d 236, 244 (1976). But we find no fraud here. Defendant did make substantial contributions both before and after March 1979 and he did not leave for sixteen months after the conveyance. We·see the claim of fraud as one prompted by the separation and divorce action, not the defendant's conduct.

Plaintiff also maintains that she was coerced into signing the deed by defendant's threats of physical

abuse. While the parties had frequent marital difficulties, some of which apparently led to threats and physical violence, no such conduct induced the conveyance.

Absent a finding of actual coercion or duress, a deed will be voided and a constructive trust imposed when there is an abuse of a confidential relationship. Such a relationship exists when one party enjoys an advantage over the other because of superior knowledge or dominating influence. Butler v. Butler, 464 Pa. at 529, 347 A.2d at 481.

There was no confidential relationship here. Plaintiff was knowledgeable and had taken part in financial matters throughout the marriage. Plaintiff considered conveying the property at the outset of the marriage, and stated that she would have done so on returning from her trip. Her decision to sign the deed when she did resulted, not from coercion or over-reaching by her husband, but from her agreement with him that the property belonged in both names.

## CONCLUSIONS OF LAW

1. Equity has jurisdiction.

2. The conveyance of plaintiff's property was not induced by fraud or coercion.

3. There was no confidential relationship between plaintiff and defendant.

## DECREE NISI

And now, this November 19, 1982, plaintiff's complaint seeking rescission of the deed of March 6, 1979 is denied.

Unless exceptions are filed to this adjudication and decree nisi within ten days it shall be the final decree of the court.